United States District Court
Southern District of Texas
**ENTERED**
July 17, 2026
Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Andres Gonzalez Mena, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2978 |
| | § | |
| Markwayne Mullin, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Andres Gonzalez Mena is a native and citizen of Mexico who concedes that he unlawfully entered the United States in 2002. Docs. 1 ¶ 5, 7-1. On February 15, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 ¶ 2, 7 at 4. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates substantive due process and procedural due process. Doc. 1.

Now before the Court is Respondent's Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 7, to which Petitioner has responded in opposition, Doc. 8. Respondent maintains that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 7 at 3; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).[1]

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 17th of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge

---

[1] To the extent Petitioner argues his present detention constitutes "arbitrary and capricious" government action violative of the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶ 23, the Court also considered and rejected this argument. *Campos Bernal*, 2026 WL 1804234 at *4 n.4.

2